**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**800 EAST 160TH STREET, LLC, *et al*,**<br><br>**Defendant.** | **1:25-cv-2152 (ALC)**<br><br>**<u>AMENDED ORDER</u>** |

**ANDREW L. CARTER, JR., United States District Judge:**

On March 14, 2025, Plaintiff Federal National Mortgage Association ("Plaintiff" or "Lender") filed a complaint against 800 East 160th Street, LLC ("Borrower"), Baruch Teitelbaum ("Guarantor," together with 800 East 160th Street, "Borrower Defendants"), New York City Department of Finance ("NYC DOF"), New York City Environmental Control Board ("NYC ECB"), and MMH, LLC (collectively, "Defendants"). ECF No. 1. Defendants NYC DOF and NYC ECB were served on March 27, 2025. *See* ECF No. 54, ¶ 6. Defendant MHM, LLC was served on April 29, 2025. *See id.*, at ¶ 12. Defendants NYC DOF, NYC ECB, and MMH (collectively, "Defaulting Defendants") have not answered or otherwise responded to the Complaint. On November 20, 2025, having obtained a clerk's certificate of default, Plaintiff included in its Motion for Summary Judgment (the "Motion") a request for the Court to enter a default judgment against NYC DOF, NYC ECB, and MMH. ECF No. 59.

For the reasons detailed below, Plaintiff's Motion is **GRANTED** in its entirety.

## BACKGROUND

### I. Factual Background

The following summary consists of only undisputed material facts unless otherwise indicated. These facts are taken, in large part, from Defendant's Rule 56.1 Statement. Dkt. No.

58. Where the facts are subject to legitimate dispute, they are construed in favor of the non-moving party. *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir.1993).

Borrower executed and delivered a Multifamily Note dated October 28, 2020 (the "Note") to Abror ("Original Lender"). ECF No. 58, at ¶ 16. By executing and delivering the Note dated October 28, 2020, Borrower unconditionally promised to pay to the Original Lender the principal amount of $4,860,000.00 (the "Loan"). *Id*., at ¶ 17. Borrower also also executed and delivered to Original Lender a mortgage dated October 28, 2020, (the "Mortgage") to secure the Loan and a guaranty (the "Guaranty") to induce the loan. *Id*., at ¶¶ 18, 22. The Mortgage granted the Original Lender first-priority liens and security interests in the Mortgaged Premises. *Id.,* at ¶ 19. Plaintiff and Original Lender executed a loan agreement dated October 28, 2020, (the "Loan Agreement") that, along with other documents (collectively, the "Loan Documents"), defined Borrower's contractual obligations with respect to the payment and performance of the Loan. *Id*., at ¶ 21. Original Lender's right, title, and interested in the Loan and the Loan Documents were then assigned to Plaintiff. *Id*., at ¶¶ 25-32. The original Note and the Loan Documents were delivered to Plaintiff. *Id*., at ¶ 34. Plaintiff or Plaintiff's agent has had physical custody over the Note since the note was delivered to Plaintiff. *Id*. at ¶ 36.

*The Loan Agreement*

The Loan Agreement provides that Borrower is required to pay Lender monthly installments on the debt and imposition deposits on the first business day of each month. *Id*., at ¶ 38-40, 44. If Borrower fails to make payments as required by the Loan Documents, the Loan Agreement treats such a failure as an Event of Default. *Id*., at ¶ 45. Once an Event of Default occurs, the Lender may accelerate the indebtedness, in which case the indebtedness becomes

immediately due, and Lender may foreclose on the mortgaged premises. *Id.*, at ¶¶ 47-49.

Borrower failed to pay the monthly debt payment and imposition deposit due January 2, 2025. *Id.*, at ¶¶ 56-57. This failure constituted an Event of Default, and Lender accelerated the Loan such that the indebtedness became immediately payable. *Id*., at 61-62. Borrower also failed to pay the full indebtedness, which also constitutes a separate Event of Default. *Id.*, at ¶ 64.

*The Guaranty*

Under the Guaranty, Guarantor guaranteed the payment of all personal liability owed Lender under the Loan Agreement. *Id.*, at ¶ 51. Pursuant to the Loan Agreement, Borrower becomes personally liable for the full indebtedness under certain circumstances, including in the event of a "transfer." *Id.*, at ¶ 52. A "transfer" is defined to include the attachment of municipal or judgment liens not resolved within sixty days of the earlier of Borrower's actual or constructive notice. *Id.*, at ¶¶ 53-55.

ECB issued at least twenty-two judgments, which operate as liens upon the Mortgaged Premises. *Id.*, at ¶¶ 72-74. The judgments were not resolved within sixty days of Borrower's constructive notice. *Id.*, at ¶ 78. Borrower also owed approximately $108,387.46 in unpaid Water Liens. *Id.*, at ¶ 84. The liens were not resolved within sixty days of Borrower's constructive notice. *Id.*, at ¶ 88. A Declaration of Restriction and UCC-1 fixture filing were recorded against the Mortgage Premises in favor of MMH LLC. *Id.*, at ¶ 80. These documents were not permitted by the Loan Documents. *Id.*, at ¶ 82. Accordingly, the ECB judgments, MMH documents, and Water Liens operate as transfers, triggering the personal liability of Borrower and Guarantor for the full indebtedness. *See id.*, at ¶ 52-55.

## II. Procedural Background

On November 20, 2025, Plaintiff filed their Motion for Summary Judgment and Related Relief, along with supporting documentation. ECF No. 57-61. Defendants did not file a timely reply. On January 12, 2026, the Court issued an order extending Borrower Defendants' time to reply until January 14, 2026. ECF No. 64. The letter indicated that failure to respond "may result in Plaintiff's Motion being deemed unopposed."

On January 15, 2026, Plaintiff and Borrower Defendants filed a joint letter indicating that they would soon thereafter file a joint stipulation memorializing their agreement related to the Motion. ECF No. 66. The parties indicated that they had reached an agreement as to Counts I and III, and that the Defendants would respond to the portion of the Motion related to the Recourse Claim. The parties never filed the stipulation, and Defendants have not responded to the Motion.

Instead, on February 3, 2026, Plaintiff filed a letter with a proposed order granting the Motion. ECF No. 67. Plaintiff indicated in the letter that Defendants had not responded to any correspondence regarding the proposed stipulation since January 21, 2026.

On July 1, 2026, the Court issued an Order to Show Cause why default judgement should not be entered against the Defaulting Defendants. ECF No. 73. Plaintiff served the Order to Show Cause on the same day. ECF No. 74. Defaulting Defendants did not respond.

## STANDARD OF REVIEW

### I. Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact and "the moving party is entitled to a judgment as a matter of law." *Cortes v. MTA New York City Transit*, 802 F.3d 226, 230 (2d Cir. 2015) (quoting A*nderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a).

Material facts are facts that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. An issue of fact is "genuine" when a reasonable fact finder can render a verdict in the nonmoving party's favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.") (internal quotation marks omitted). "[T]he court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists." *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003) (quoting *Marvel Characters v. Simon*, 310 F.3d 280, 285–86 (2d Cir. 2002)). If the moving party meets its burden, the burden shifts to the non-moving party to bring forward "specific facts showing a genuine issue for trial." *Gen. Ins. Co. of Am. v. Starr Indem. & Liab. Co.*, 2016 WL 4120635, at *4 (S.D.N.Y. July 22, 2016) (citation omitted); *see also* Fed. R. Civ. P. 56(c). The non-moving party "may not rest upon mere allegation[s] or denials of his pleadings," *Anderson*, 477 U.S. at 259. Rather, the non-moving party must "designate specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and these facts must be "admissible in evidence." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) (quoting Fed. R. Civ. P. 56(e)). "[T]he mere existence of *some* alleged factual dispute between the parties" alone "will not defeat a properly supported motion for summary judgment," *Anderson*, 477 U.S. at 247 (emphasis in original), and "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted," *id*. at 250 (internal citations omitted). "If there

are cross-motions for summary judgment, the Court must assess each of the motions and determine whether either party is entitled to judgment as a matter of law." *Gen. Ins. Co.*, 2016 WL 4120635, at *4 (citing *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993)).

**II. Default**

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *City of New York v. Michalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 1011) (quoting *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)). "Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment. *Id.* (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

The first step is a "ministerial step" establishing liability, but "is not an admission of damages." *Id*. Instead, "[t]he second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)."

The Second Circuit has "expressed a strong preference for resolving disputes on the merits." *Green*, 420 F.3d at 104 (cleaned up). A "default judgment is the most severe sanction which the court may apply." *Id.* (citing *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)). "The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JSH Sec. Inc.*, 784 F3d 105, 116 (2d Cir. 2015).

**III.** Appointment of a Special Master

Under Federal Rule of Civil Procedure 53, "a court may appoint a Special Master or a Magistrate Judge to perform an accounting or resolve a difficult computation of damages, which

sometimes is advisable in mortgage foreclosure cases." *CIT Bank, N.A. v. Covino*, 2022 WL 4234575, at *3 (S.D.N.Y. Sept. 14, 2022) (cleaned up). "Moreover, upon awarding summary judgment to a plaintiff in a foreclosure action, the New York Real Property Actions and Proceedings Law ("RPAPL") allows for the appointment of a referee." *Id*. (citing *Wells Fargo Bank, N.A. v. 390 Park Ave. Assocs., LLC*, 2018 WL 4373996, at *8 (S.D.N.Y. Sept. 12, 2018) and *U.S. Bank Tr., N.A. v. Dingman*, 2016 WL 6902480, at *3 (S.D.N.Y. Nov. 22, 2016))

## DISCUSSION

### I. Plaintiff is Entitled to Summary Judgment on its Foreclosure Claims

#### a. Borrower Defendants Have Not Produced Any Evidence to Dispute to Plaintiff's Entitlement to Foreclosure

"In a foreclosure action under New York law, a plaintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default." *Gustavia Home, LLC v. Rutty*, 785 Fed. App'x. 11, 14 (2d Cir. 2019) (citing to *Wells Fargo Bank, N.A. v. Walker*, 35 N.Y.S.3d 591, 592 (2d Dep't 2016)).

Where the defendant contests standing to foreclose, "the plaintiff must additionally demonstrate that it was the holder or assignee of the mortgage and note when the action was commenced." *Id*. at 28-29 (citing to *Walker*, 35 N.Y.S.3d at 592-93).

Plaintiff has demonstrated a prima facie entitlement to foreclose. Plaintiff has produced evidence of the mortgage and unpaid note. *See* ECF No. 61 Ex. 1, 3. Plaintiff has also produced evidence of default. *See id.*, at ¶¶ 34-37, Ex. 9.

Borrowing Defendants contest standing as an affirmative defense. *See* ECF No. 36 at 32. The court finds that Plaintiff has sufficiently established standing. The "holder" of the Note is the

"person in possession [of a Note] that is payable either to bearer or to an identified person that is the person in possession." N.Y. UCC §1-201(b)(21). Plaintiff has demonstrated that it was the holder of the mortgage and note when this action was commenced. *See* ECF No. 61, at ¶ 26 ("Since [March 4, 2025], Plaintiff's agent[] has had physical custody over the original indorsed Note.").

Plaintiff has therefore established its entitlement to summary judgment. "If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to demonstrate 'the existence of a triable issue of fact as to a bona fide defense to the action.'" *Gustavia Home*, 785 Fed. App'x at 14. Borrowing Defendants have not demonstrated such an existence. *See U.S. Bank N.A. v. Zenteno Corp.*, 242 N.Y.S.3d 354, 356 (2d Dept 2025) (granting summary judgment where "plaintiff established, prima facie, that it had standing to commence this action," and "[i]n opposition, the defendants failed to raise a triable issue of fact"). Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED** as to the foreclosure counts.

**b. Defendant Has Not Pointed to Any Affirmative Evidence in Support of Its Affirmative Defenses**

Borrower Defendants' Answer to the Complaint contains nineteen affirmative defenses. ECF No. 36 at 32-35. Plaintiff has "demonstrated, prima facie, that those affirmative defenses were waited, were without merit, or were conclusory in nature and contained no factual allegations." *See Star201, LLC v. Duran*, 223 N.Y.S.3d 206, 209 (2d Dep't 2024). Borrower Defendants did not file any response to Plaintiff's Motion for Summary Judgment or otherwise submit any evidence to support the affirmative defenses.

A plaintiff is entitled to summary judgment on an affirmative defense where a defendant

fails to identify evidence in support of the defense. *See Arizmedi v. Performance Food Group, Inc.*, 2026 WL 1910149, at *5 (S.D.N.Y. 2026) (slip copy) ("the burden is on Defendant to provide some evidence in support of the defense. Where, as here, the defendant fails to identify evidence on the record to meet this burden, courts may strike those unsupported affirmative defenses"); *see also Danaby Rentals, Inc. v. Mt. Hawley Insur. Co.*, 2026 WL 440758, at *17 (S.D.N.Y. 2026) (slip copy) ("An affirmative defense can be dismissed on a summary judgment motion when that defense is unsupported by any evidence in the record.").

Borrower Defendants have failed to produce any evidence in support of their affirmative defenses. Accordingly, Plaintiff is **GRANTED** summary judgment as to the affirmative defenses.

**II. Plaintiff Has Established Borrower Defendants' Liability for the Full Indebtedness**

By the Loan Agreement's Terms, the "Lender's only recourse for the satisfaction of [the] Indebtedness" is foreclosure, unless one or more of the conditions in § 3.02 is met. *See* Loan Agreement, § 3.01. One of those exceptions is "a Transfer…that is not permitted under this Loan Agreement or any other Loan Document." § 3.02(b)(2). In such a case, the Borrower is "personally liable to Lender for the repayment of all of the Indebtedness." § 3.02. A "transfer" includes "attachment of a lien…(whether voluntary, involuntary, or by operation of law)," Loan Agreement, Schedule 1, at 16. The Loan Agreement does permit the creation of municipal or tax liens if the liens are "remedied to Lender's satisfaction within sixty (60) days" of constructive notice to the Borrower. Loan Agreement, § 11.02(a)(2)(A). The Guarantor is responsible for the full personal liability of the Borrower. Guaranty, § 3(a).

Plaintiff has produced evidence that multiple "transfers" occurred. For example, Plaintiff attached to its Motion New York City Environmental Control Board judgments against Borrower. *See* ECF No. 61, Ex. 12. Plaintiff has further demonstrated that the transfers were not remedied within sixty days of constructive notice being provided to the Borrower. *Id*. This evidence is sufficient to establish that Borrower, and therefore Guarantor, are personally liable for the full indebtedness. Defendant has not produced any evidence to create a genuine factual dispute.

Accordingly, Plaintiff's Motion is **GRANTED** as to the recourse counts. Borrower and Guarantor are personally liable, jointly and severally, for the full indebtedness, including any outstanding balance due under the Loan Documents following the sale of the Mortgaged Property.

### III. Plaintiff's Motion for Default Judgment is Granted

Plaintiff also seeks entry of default judgments against the Defaulting Defendants. "Entry of default judgment against non-mortgagor defendants is generally appropriate where the complaint alleges 'nominal liability,' meaning that 'any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien.'" *NDF1, LLC v. Cunningham*, 754 F.Supp.3d 273, 285 (E.D.N.Y. 2024) (cleaned up). The nominal defendants, as holders of subordinate interest in the property at issue, are a necessary party to this suit. *See Blue Castle (Cayman) Ltd. v. Miller*, 772 F.Supp.3d 416, 428 (S.D.N.Y. 2025) (cleaned up). The "absence of a necessary party in a foreclosure action leaves that party's rights unaffected by the judgment and sale, and the foreclosure sale may be considered void as to the omitted party." *Id.* (quoting *McWhite v. I & I Realty Grp., LLC*, 210 A.D.3d 1069 (2d Dep't 2022)). When default judgment

is entered against a nominal defendant "any [nominal] interest int the relevant property is terminated." *Id.* (cleaned up).

The Clerk of Court entered the Certificate of Default for each of these defendants. Each of these Defendants was served with the Complaint and the Certificate of Default and none has moved to have the entry of default vacated or otherwise appeared in the action. By filing this Motion, Plaintiff has met the "two-step process" for entry of default judgment. *See Michalis Pawn Shop, LLC*, 645 F.3d at 128 ("Rule 55 provides a "two-step process" for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment.).

The Complaint alleges "detailed facts showing the particular nature of the interest in or lien on the real property and the reason for making the…city agenc[ies]" party defendant and has "substantiate[d] [Plaintiff's] allegations with documentation, such as a title report." *Id*. at 286. Plaintiff has therefore met the "heightened pleading standard" to establish nominal liability against the municipal defendants. *Id*.

Accordingly, the Court finds that default judgment is appropriate as to the Defaulting Defendants. Plaintiff's Motion for Entry of Default Judgment is **GRANTED**.

**IV. Plaintiff's Request for Appointment of a Special Master is Granted**

Plaintiff has requested that the Court appoint a special master "to compute the amounts due and owing to Plaintiff under the Loan Documents." ECF No. 24 (citing to Fed. R. Civ. Pro. 53). The Court may appoint a Magistrate Judge as a special master under Fed. R. Civ. Pro 53. *See CIT Bank, N.A. v. Langley*, 2019 WL 6050258, at *6 (E.D.N.Y. 2019). The Court grants Plaintiff's request to appoint a special master to resolve the remaining issues involving the

foreclosure. The Court will issue such referral in a separate Order.

## CONCLUSION

Plaintiff's Motion is **GRANTED** in its entirety. Plaintiff's Motion for Summary Judgment as to the First and Third Counts of the Complaint and the issue of personal liability of the Borrower Defendants is **GRANTED**. Plaintiff's Motion for Entry of Default Judgment against the Defaulting Defendants is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the plaintiff have judgment against Borrower Defendants in an amount to be determined a special master. The Clerk of Court is respectfully directed to terminate ECF No. 57.

**SO ORDERED.**

Dated: October 7, 2026
New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**